**Rodolfo ROMERO–OCHOA, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 04–76440.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 13, 2006.*

courts of this circuit except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Decided Feb. 16, 2006.

Rodolfo Romero–Ochoa, Santa Barbara, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Genevieve Holm, Esq., Kurt B. Larson, Esq., DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: FERNANDEZ, RYMER, and BYBEE, Circuit Judges.

MEMORANDUM **

Rodolfo Romero–Ochoa, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' order summarily affirming an immigration judge's order denying Romero–Ochoa's application for cancellation of removal. To the extent we have jurisdiction, it is pursuant to 8 U.S.C. § 1252. We review de novo claims of constitutional violations in immigration proceedings. *See Ram v. INS*, 243 F.3d 510, 516 (9th Cir.2000). We deny in part and dismiss in part the petition for review.

Contrary to Romero–Ochoa's contention, Congress comported with equal protection when it repealed suspension of deportation for aliens, such as Romero–Ochoa, who were placed in removal proceedings on or after April 1, 1997, while permitting aliens placed in deportation before that date to maintain their applications for suspension

of deportation. *See Hernandez–Mezquita v. Ashcroft*, 293 F.3d 1161, 1163–65 (9th Cir.2002); *Vasquez–Zavala v. Ashcroft*, 324 F.3d 1105, 1108 (9th Cir.2003).

To the extent Romero–Ochoa challenges the agency's decision to commence removal rather than deportation proceedings against him, we are without jurisdiction to review this decision. *See* 8 U.S.C. § 1252(g); *Jimenez–Angeles v. Ashcroft*, 291 F.3d 594, 599 (9th Cir.2002) (noting that this court lacks jurisdiction "to review the timing of the Attorney General's decision to commence proceedings.") (internal citations and quotation marks omitted).

**PETITION FOR REVIEW DENIED in part, and DISMISSED in part.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

